This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff -Appellee,

No. 31,550

**RAYMOND SISNEROS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
John P. Paternoster, District Judge

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant challenges his convictions for aggravated driving while under the influence of intoxicating liquor (4th offense), contrary to NMSA 1978, Section 66-8-102 (D) (2010). We issued a second notice of proposed disposition proposing to affirm on August 7, 2012. Defendant has responded with a timely second memorandum in opposition, which we have duly considered. We remain unpersuaded, and we therefore affirm.

Defendant continues to argue that the district court erred in denying his motion to disqualify a juror for cause. Defendant argues that juror Karen Ratliff should have been disqualified because her son worked for the district attorney's office. [Second MIO 1] We review this issue under an abuse of discretion standard. *See State v. Johnson*, 2010-NMSC-016, ¶ 31, 148 N.M. 50, 229 P.3d 523. An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. "We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citations omitted). "Where the trial court clearly abused its discretion in failing to excuse a juror who could not be impartial, prejudice is presumed if the petitioner used all peremptory challenges on potential jurors who could be excused for cause before a jury was seated." *Johnson*, 2010-NMSC-016, ¶ 31.

In his second memorandum in opposition, Defendant acknowledges that there was no evidence that Ms. Ratliff's son was involved in this case or that she could not be impartial. [Second MIO 1-2] Rather, Defendant points out that there was no evidence that the juror's son was not involved in the case. However, "[t]he challenging party bears the burden of proving juror bias." *Id.* Defendant also argues that we should find implied juror bias based on the nuances of the connection between Ms. Ratliff and the district attorney's office. Specifically, Defendant argues that Ms. Ratliff was likely proud of her son and had a favorable opinion of his co-workers and the work he did. [Second MIO 1-2] We find this insufficient to establish implied juror bias. *See State v. Sanchez*, 120 N.M. 247, 250, 252, 901 P.2d 178, 181, 183 (1995) (rejecting a claim of implied juror bias based on the juror's sister's employment with the district attorney's office and determining that the relationship was indirect and insufficient as a matter of law to establish implied juror bias). We therefore hold that the district court did not abuse its discretion in refusing to disqualify Ms. Ratliff for cause.

Defendant also continues to argue that the district court erred in allowing Officer James Valdez to testify to the results of the auto intoxilizer machine. [Second MIO 2] Defendant makes no new arguments in his second memorandum in

opposition and relies on his previous arguments. For the reasons stated in our second notice of proposed summary disposition, we affirm on this issue as well.

For these reasons, we affirm Defendant's convictions.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JONATHAN B. SUTIN, Judge**

**J. MILES HANISEE, Judge**